UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

DAVID GREEN,

                        Plaintiff,

             - against -

THE CITY OF NEW YORK, ROBERT E.
ROGERS, and "JOHN DOE", Individually
and In Their Official Capacities

                    Defendants

-------------------------------------------------------------------x

12CV8344(NRB)

COMPLAINT AND
DEMAND FOR JURY TRIAL

ECF CASE

Plaintiff, by his attorneys, Michelstein & Associates, PLLC, complaining of the defendants, alleges:

## NATURE OF THE ACTION

1. This is a civil rights action to redress the defendants' violation of the rights accorded to plaintiff David Green by the Civil Rights Act of 1871, 42 U.S.C. §1983, by the Constitution of the United States, including the Fourth, Fifth and Fourteenth Amendments, and by the laws and the Constitution of the State of New York.

2. Plaintiff David Green is a citizen of the United States who was arrested at his home on January 16, 2012, on the basis of a photographic identification in a robbery case, and, after the investigating detective determined that he was not the perpetrator in that case, was placed in an unduly suggestive lineup for an unrelated robbery, resulting in his wrongful identification, and then prosecuted on false criminal charges of Robbery in the First Degree and related charges, on which he was imprisoned from January 16, 2012 until February 8, 2012. On March 26, 2012, all charges against the plaintiff were dismissed on motion of the District Attorney. The defendants' actions were unlawful, and the plaintiff brings this action seeking compensatory and punitive damages.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to the Constitution of the United States, 28 U.S.C. §§1331, 1343(3) and (4), 42 U.S.C. §§1983 and 1988, in that this is an action seeking to redress the violation of the plaintiff's constitutional and civil rights, and 28 U.S.C. §1367(a), in that the state and federal claims arise from a common nucleus of operative facts such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) in that the all of the events which give rise to the claim occurred within the jurisdiction of the United States District Court for the Southern District of New York, defendant Robert E. Rogers can be found within the Southern District of New York, and defendant The City of New York is a municipal corporation located in the Southern District of New York which is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

5. Plaintiff David Green is a citizen of the United States who resides in the County of Bronx, City and State of New York.

6. Defendant The City of New York is, and at all times relevant herein was, a municipal corporation created under the laws of the State of New York.

7. At all times relevant herein, defendant The City of New York maintained a police department.

8. Defendant Robert E. Rogers is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

9. At all times relevant herein, defendant Robert E. Rogers was acting within the scope

of his employment by defendant The City of New York.

10. Defendant "John Doe" is a natural persons who, at all times relevant herein, was employed by defendant The City of New York as a police officer.

11. At all times relevant herein, defendant "John Doe" was acting within the scope of his employment by defendant The City of New York.

## NOTICE OF CLAIM

12. On April 25, 2012, and within ninety days of the accrual of the causes of action herein, plaintiff David Green served on the Comptroller of the City of New York a Notice of Claim setting forth the time when, the place where and the manner in which his claims arose.

13. More than thirty days have elapsed since the plaintiff's Notice of Claim was served upon defendant The City of New York and said defendant has neglected and/or refused to make an adjustment or payment.

## STATEMENT OF CLAIMS

14. Plaintiff incorporates by reference paragraphs 1 through 13 of this complaint as though the same were set forth fully herein.

15. On the morning of January 16, 2012, plaintiff David Green was arrested by New York City police officers at his home at 1552 Leland Avenue, Bronx, New York and transported to the 45th Precinct, where he was detained.

16. On information and belief, the basis for the arrest of plaintiff David Green at his home was a photographic identification made by a complainant in a robbery investigation.

17. On information and belief, while plaintiff David Green was being detained at the 45th Precinct, defendant Robert E. Rogers or defendant "John Doe" determined that the plaintiff had been misidentified in the robbery for which he had been arrested.

18.  At the point that defendant Robert E. Rogers or defendant "John Doe" determined that plaintiff David Green had been misidentified in the robbery for which he had been arrested, probable cause to detain or imprison the plaintiff no longer existed.

19.  Instead of releasing plaintiff David Green upon determining that he had been the victim of a misidentification, defendants Robert E. Rogers and "John Doe" transported the plaintiff to a police facility at 1086 Simpson Street, Bronx, New York.

20.  Defendants Robert E. Rogers and "John Doe" thereupon placed plaintiff David Green in a lineup for viewing by the complainant in a different robbery.

21.  The other individuals whom defendants Robert E. Rogers and "John Doe" placed in the lineup with plaintiff David Green were so different in appearance and apparel from the plaintiff as to render the lineup unfair and unduly suggestive.

22.  As a result of the unfair and unduly suggestive lineup conducted by defendants Robert E. Rogers and "John Doe", plaintiff David Green was misidentified as the perpetrator by the complainant of the robbery for which the lineup was arranged.

23.  Defendant Robert E. Rogers thereupon arrested plaintiff David Green on a false criminal charge of Robbery in the First Degree and related criminal charges.

24.  Plaintiff David Green had not committed a robbery.

25.  Plaintiff David Green was subsequently transferred to Bronx Central Booking, where he continued to be imprisoned until his arraignment on January 18, 2012.

26.  On information and belief, on January 16, 2012, defendant Robert E. Rogers informed an Assistant District Attorney in the office of the Bronx County District Attorney that plaintiff David Green had committed an armed robbery at 1498 Westchester Avenue in the Bronx.

27. On information and belief, on January 16, 2012, defendant Robert E. Rogers instituted a criminal proceeding against plaintiff David Green in Bronx Supreme Court, Criminal Division, accusing the plaintiff of the crimes of Robbery in the First Degree, Robbery in the Second Degree, Robbery in the Third Degree, Grand Larceny in the Fourth Degree, Menacing in the Second Degree, Petit Larceny, Criminal Possession of a Weapon in the Fourth Degree, Criminal Possession of Stolen Property, and Menacing.

28. Defendants Robert E. Rogers and "John Doe" procured the prosecution of plaintiff David Green in Bronx Supreme Court, Criminal Division, on criminal charges of Robbery in the First Degree, Robbery in the Second Degree, Robbery in the Third Degree, Grand Larceny in the Fourth Degree, Menacing in the Second Degree, Petit Larceny, Criminal Possession of a Weapon in the Fourth Degree, Criminal Possession of Stolen Property, and Menacing by conducting an unfair and unduly suggestive lineup which resulted in the misidentification of plaintiff David Green.

29. On January 18, 2012, plaintiff David Green was arraigned before a judge of Bronx Supreme Court, Criminal Division, and was incarcerated in lieu of bail.

30. Plaintiff David Green continued to be incarcerated as a result of the false criminal charges procured by defendants Robert E. Rogers and "John Doe" until February 8, 2012.

31. On March 26, 2012, the charges brought by defendants Robert E. Rogers and "John Doe" against plaintiff David Green were dismissed on motion of the Bronx County District Attorney.

## COUNT ONE
## FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

32. Plaintiff incorporates by reference paragraphs 1 through 31 of this complaint as though the same were set forth fully herein.

33. The detention and imprisonment of plaintiff David Green after a determination that he had been mistakenly identified as a perpetrator of the robbery for which he was initially arrested was made without any warrant or other legal process directing or authorizing his seizure, detention, arrest, or imprisonment.

34. Plaintiff David Green was aware of his detention and imprisonment by defendants Robert E. Rogers and "John Doe".

35. Plaintiff David Green did not consent to his detention and imprisonment.

36. As a result of the foregoing, plaintiff David Green was deprived of his liberty, was imprisoned and was subjected to mental and physical distress, embarrassment and humiliation.

37. The detention and imprisonment of plaintiff David Green after the determination that he had been misidentified in the crime for which he had been arrested deprived him of his right to be free of unlawful searches and seizures and his right not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

38. Defendants Robert E. Rogers and "John Doe" were acting under color of state law when they detained and imprisoned plaintiff David Green after determining that he had been misidentified in the crime for which he had been arrested..

39. Defendants Robert E. Rogers and "John Doe" deprived plaintiff David Green of his rights to be free of unlawful searches and seizures and not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by detaining and imprisoning plaintiff David Green after determining that his initial arrest was the result of a misidentification.

## COUNT TWO
## DENIAL OF DUE PROCESS OF LAW UNDER 42 U.S.C. §1983

40. Plaintiff incorporates by reference paragraphs 1 through 39 of this complaint as though the same were set forth fully herein.

41. By placing plaintiff David Green in an unfair and unduly suggestive lineup, defendants Robert E. Rogers and "John Doe" deprived the plaintiff of his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States.

42. As a result of the foregoing, plaintiff David Green was deprived of his liberty, imprisoned, and subjected to mental and physical distress, embarrassment and humiliation.

43. Defendants Robert E. Rogers and "John Doe" were acting under color of state law when they conducted an unfair and unduly suggestive lineup to procure the misidentification of plaintiff David Green as the perpetrator of a crime.

44. Defendants Robert E. Rogers and "John Doe" deprived plaintiff David Green of his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by placing the plaintiff in an unfair and unduly suggestive lineup.

## COUNT THREE
## FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

45. Plaintiff incorporates by reference paragraphs 1 through 44 of this complaint as though the same were set forth fully herein.

46. The arrest and imprisonment of plaintiff David Green by defendants 'John Doe" and "John Doe" on the basis of an unduly suggestive lineup were made without any warrant or other legal process directing or authorizing his seizure, detention, arrest, or imprisonment.

47.  The charges upon which  defendants Robert E. Rogers and "John Doe" arrested plaintiff David Green were false.

48.  The charges were made by defendants Robert E. Rogers and "John Doe" against plaintiff David Green with knowledge that they were false.

49.  The charges were made by defendants Robert E. Rogers and "John Doe" on the basis of the unfair and unduly suggestive lineup conducted by these defendants.

50.  Plaintiff David Green was aware of his seizure, detention, arrest and imprisonment by defendants Robert E. Rogers and "John Doe".

51.  Plaintiff David Green did not consent to his arrest or imprisonment.

52.  As a result of the foregoing, plaintiff David Green was deprived of his liberty, was imprisoned and was subjected to mental and physical distress, embarrassment and humiliation.

53.  The arrest and imprisonment of plaintiff David Green deprived him of his right to be free of unlawful searches and seizures and his right not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

54.  Defendants Robert E. Rogers and "John Doe" were acting under color of state law when they arrested and imprisoned plaintiff David Green.

55.  Defendants Robert E. Rogers and "John Doe" deprived plaintiff David Green of his rights to be free of unlawful searches and seizures, and not to be deprived of his liberty without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by arresting and imprisoning plaintiff David Green on false criminal charges.

## COUNT FOUR
## MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983

56. Plaintiff incorporates by reference paragraphs 1 through 55 of this Complaint as though the same were set forth fully herein.

57. The criminal charges brought by defendant Robert E. Rogers against plaintiff David Green in Bronx Supreme Court, Criminal Division, were false.

58. Defendant Robert E. Rogers instituted the criminal proceeding against plaintiff David Green with knowledge that the charges were false.

59. Defendant Robert E. Rogers instituted the criminal proceeding against plaintiff David Green without probable cause to believe that plaintiff David Green had committed the crimes charged.

60. Defendant Robert E. Rogers was acting with malice when he commenced the criminal proceeding against plaintiff David Green.

61. As a result of the institution of a criminal proceeding by defendant Robert E. Rogers against plaintiff David Green, the plaintiff continued to be imprisoned until February 8, 2012.

62. The criminal proceeding instituted by defendant Robert E. Rogers against plaintiff David Green was terminated in plaintiff David Green's favor.

63. Defendant Robert E. Rogers was acting under color of state law when he falsely informed an Assistant District Attorney in the office of the Bronx County District Attorney that plaintiff David Green had committed an armed robbery at 1498 Westchester Avenue in the Bronx.

64. Defendant Robert E. Rogers was acting under color of state law when he commenced a criminal proceeding against plaintiff David Green in Bronx Supreme Court, Criminal Division.

65. Defendant Robert E. Rogers deprived plaintiff David Green of his right to be free of unreasonable searches and seizures guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States and not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by commencing a criminal proceeding against plaintiff David Green on false criminal charges.

## COUNT FIVE
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

66. Plaintiff incorporates by reference paragraphs 1 through 65 of this Complaint as though the same were set forth fully herein.

67. Upon information and belief, at all times relevant herein, defendant The City of New York was aware from Notices of Claim, lawsuits, claims filed with the New York City Police Department and the Civilian Complaint Review Board, and from the New York City Police Department's own observations, that defendants Robert E. Rogers and "John Doe" are unfit, ill tempered police officers who have the propensity to commit the acts alleged herein.

68. Upon information and belief, defendant The City of New York failed adequately to investigate prior complaints against these officers.

69. Upon information and belief, defendant The City of New York failed to take remedial action to train, retrain, supervise, monitor and discipline these police officer for violations of Constitutional rights.

70. The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into

contact.

71. Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff David Green would be violated.

72. Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff David Green.

73. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

74. Defendant The City of New York deprived plaintiff David Green of his rights to be free of unlawful searches and seizures and not bo be deprived of his liberty and property without due process of law guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

## COUNT SIX
## COMMON LAW FALSE IMPRISONMENT

75. Plaintiff incorporates by reference paragraphs 1 through 74 of this Complaint as though the same were set forth fully herein.

76. Defendants Robert E. Rogers, "John Doe" and The City of New York falsely imprisoned plaintiff David Green by arresting and imprisoning him on false criminal charges.

77.  As a result of the foregoing, plaintiff David Green was deprived of his liberty, was imprisoned, and was subjected to mental and physical distress, embarrassment and humiliation.

## COUNT SEVEN
## COMMON LAW MALICIOUS PROSECUTION

78.  Plaintiffs incorporate by reference paragraphs 1 through 77 of this Complaint as though the same were set forth fully herein.

79.  Defendants Robert E. Rogers and The City of New York maliciously prosecuted plaintiff David Green on false criminal charges of Robbery in the First Degree, Robbery in the Second Degree, Robbery in the Third Degree, Grand Larceny in the Fourth Degree, Menacing in the Second Degree, Petit Larceny, Criminal Possession of a Weapon in the Fourth Degree, Criminal Possession of Stolen Property, and Menacing.

80.  As a result of the criminal proceeding instituted by defendants Robert E. Rogers and The City of New York, plaintiff David Green was imprisoned, exposed to public ridicule and scorn, and subjected to mental and physical distress, embarrassment and humiliation.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court grant the following relief:

A.  Award plaintiff David Green compensatory damages to be determined by the jury at the time of trial;

B.  Award plaintiff David Green  punitive damages to be determined by the jury at the time of trial;

C.  Award the plaintiff reasonable attorneys' fees and costs, including the fees and costs of experts, incurred in prosecuting this action; and

D.  Grant such further relief as the Court deems necessary and proper.

## JURY TRIAL DEMANDED

The plaintiff requests a jury trial on all questions of fact raised by his Complaint.

Dated: New York, New York
      November 9, 2012

MICHELSTEIN & ASSOCIATES, PLLC

By: _____
    Steven Michelstein (SM3323)
    Attorneys for Plaintiff
    485 Madison Avenue
    New York, New York 10022
    (212) 588-0880
